# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**EDWARD J. MERCER,**

      **Plaintiff,**

v.                                       **Case No. 2:15-cv-01912**

**WARDEN DAVID BALLARD, et al.,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). This matter is pending before the undersigned for initial screening of the Second Amended Complaint (ECF No. 59) pursuant to 28 U.S.C. § 1915A. Also pending are two Applications to Proceed Without Prepayment of Fees and Costs (ECF Nos. 54 and 57) filed by the plaintiff.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a) and (b). This screening is generally conducted before ruling on any

Application to Proceed Without Prepayment of Fees and Costs and before service of process.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## **PROCEDURAL HISTORY**

On February 18, 2015, the Clerk's Office received and docketed a Letter-Form Complaint from Edward J. Mercer (hereinafter "the plaintiff"). (ECF No. 1). The Letter-Form Complaint alleged that officials at the Mount Olive Correctional Complex were intercepting legal and personal mail and giving it to inmates whenever they chose to do so. (*Id.*) Included with the Letter-Form Complaint were United States Marshals Service ("USMS") process forms for the following individuals: John R. Anderson, Judge David W. Hummel, Jr., Timothy E. Haught, Corporal Roger G. Spragg, and Warden David Ballard, as well as copies of correspondence between the plaintiff and a postal inspector and state officials concerning various issues.

On February 24, 2015, the Clerk's Office sent the plaintiff a Complaint form used by this court for complaints filed by prisoners. On the Complaint form, the Clerk's Office typed Edward J. Mercer and his inmate number in the "plaintiff" section. Additionally, the Clerk's Office typed the following names in the "defendants" section, based upon the USMS forms provided by Mr. Mercer: Warden David Ballard, John R. Anderson, Judge David Hummel, Jr., Timothy E. Haught, and Corporal Roger G. Spragg, II. Otherwise, the Clerk left the form blank for completion by the plaintiff.

On March 6, 2015, the Clerk docketed an "Amended Complaint" (ECF No. 9), which was drafted on the Complaint form sent by the Clerk's Office. The Amended Complaint was confusing. In addition to the names typed in by the Clerk's Office, the plaintiff has added a number of individuals believed to be proposed defendants in both the "plaintiff" and "defendant" sections of the style of the case on the first page and in the

"Parties" section on pages 3-4. (ECF No. 9 at 1, 3-4).[1] The Statement of Claim section of the Amended Complaint form states as follows [spelling corrected in part]:

> All of the court officers that are involved knows that I am innocent of the charges. That I am not guilty of the charges that I am doing a life time sentence. The jury was [paid] off. A large amount of money was involved. The amount was over $11,000 to convict me with them 29 seconds deliberations. My trial attorney refused to defend me. He was on the State's side. He would not allow not one witness in the courthouse to defend me like he was supposed to. I wasn't aware of that till 2008. That information was provided to me by Tim Haught. I received a letter Feb. 16, 2012 from Attorney Anderson where he stated many comments that he attempted to call my character witness Darla Bartlett and Lorena Pyles and Penny Hawkins. I am not going to contact Sheriff Hoskins because you have already done so and because you have not suggested to me what he could testify to that would be relevant to your resentencing. I am not going to contact Peraldo for the same reason. What do you think he would say. I did not contact none of these people. Mr. Anderson knows that and everybody else knows that.

(ECF No. 9 at 4-5). The "Relief" section of the Amended Complaint form stated:

> I am requesting for you to order judge David Hummel Junior to release me from prison or show good cause why not as soon as possible with then [within?] 30 days March 3, 2015 and clear my record proto [pronto?] I urge Judge Hummel Jr. to respond to me as soon as possible of his [decision] he has [left] me [no] alternative to ask help from the U.S. Marshals Service out of Charleston, W. Va. It is in [their] hands and he is [sic] no longer has a choice in this legal matter. He will be served in the near [future].

---

[1] Specifically, the "plaintiff" section of the style of the Amended Complaint form listed the following individuals: Edward J. Mercer (typed onto the form), Warden David Ballard, Judge David Hummel, Jr., Roger G. Spraggs, II, Corporal, John R. Anderson, Timothy E. Haught, and Worthy Paul Jr. (all handwritten) (ECF No. 9 at 1). The "defendant" section of the style of the Amended Complaint listed the following individuals: Warden David Ballard, John R. Anderson, Judge David Hummel, Jr., Timothy E. Haught, Corporal Roger G. Spragg, II (all typed onto the form) and then the name James Bhoskins, Sheriff, is hand-written. (*Id.*) On pages 3-4 of the Amended Complaint form, the plaintiff listed the following individuals: Court Reporter Holly Koher, Sharon M. Dulaney, Jim Rubenstein, Commissioner, W.Va. Division of Corrections, MOCC, Chief Judge John Preston Bailey, United States Court of Appeals for the Fourth Circuit, Ronald Kushner, Robert D. Goldberg, Patricia S. Connor, Clerk, Silas B. Taylor, and Charles R. Garten, Special Disciplinary Counsel.

On April 12, 2005, the plaintiff was convicted by a jury of multiple sexual offenses in the Circuit Court of Wetzel County, West Virginia. He subsequently filed a direct appeal in the Supreme Court of Appeals of West Virginia, and also pursued habeas corpus relief in both the state courts and in the United States District Court for the Northern District of West Virginia, which was unsuccessful except for an order from the federal court to resentence the plaintiff on certain counts of incest. *See* Order, *Mercer v. Ballard*, No. 2:12-cv-00040-JBP-DJJ (S.D. W.Va. Aug. 2, 2013), ECF No. 50. The majority of these proposed defendants appear to be individuals involved in the plaintiff's criminal and habeas corpus proceedings.

> I was not aware that I had 14 hearing until I received a letter from Attorney Robert McCoid on May the 4, 2006. I was only [present] for two of them. Mr. Anderson refused to inform me during my trials. See [enclosure] for [proof].

(*Id.* at 5-6).

Subsequent to the filing of the Amended Complaint, the plaintiff inundated this court with additional documents that largely concern his criminal conviction in the Circuit Court of Wetzel County, the habeas corpus proceedings thereafter, and the individuals involved in those proceedings. In addition to this voluminous "additional documentation," the plaintiff filed five separate "Motions to Amend Amended Complaint" in which he sought to add defendants. (ECF Nos. 15, 27, 29, 31 and 35).

The additional documentation filed by the plaintiff addressed issues related to the plaintiff's attempts to pursue post-conviction review of his criminal conviction in the Circuit Court of Wetzel County, but also included additional proposed defendants who were employees at the Mount Olive Correctional Complex, where he is presently incarcerated. However, there are no specific factual allegations concerning the conduct of these defendants.

The plaintiff was notified that the United States District Court for the Southern District of West Virginia lacks jurisdiction and venue over any claims related to the plaintiff's criminal conviction in the Circuit Court of Wetzel County, West Virginia, and the habeas proceedings related thereto, both state and federal, all of which took place in the Northern District of West Virginia. The plaintiff was further advised that, to the extent that he may wish to pursue any claims related to his criminal or habeas proceedings, including any such claims as alleged in his Amended Complaint filed herein, such claims must be brought, if at all, in the appropriate venue, which is the United States District

Court for the Northern District of West Virginia, and he was instructed to cease filing such documents in this court.

The plaintiff was further notified that he may only pursue claims in this court which arose in the Southern District of West Virginia or concern defendants that reside herein. In the interests of justice, the plaintiff was given an opportunity to again amend his Complaint to assert, in one integrated document, claims that are actionable in this court and are asserted in the proper format.

On May 13, 2016, the plaintiff filed his Second Amended Complaint (ECF No. 59), which is the operative document upon which this matter is now proceeding. The Second Amended Complaint names the following defendants: Warden David Ballard, John R. Anderson, Judge David Hummel, Timothy E. Haught, Corporal Roger G. Spraggs, Worthy Paul, Jr., and James B. Haskins, Sheriff. With the exception of Warden David Ballard, all of the other defendants appear to be persons involved in or connected to the plaintiff's criminal and habeas proceedings in Wetzel County, West Virginia. The Second Amended Complaint states as follows [verbatim]:

> All of the court officers that are involved in my case knows that I am innocent of the charges I'm doing 5000 thousands years in prison for. The jury was paid $11,87.04 cents to convict me within 29 seconds of deliberations. My trial attorney John R. Anderson of the Public Defender's Corporation, 509 Seventh Street, Moundsville, WV 26041, None of the attorneys from the Public Defender's Corporation has assist me in my case like they promised me like they were suppose too. They refused to call any witnesses on my behalf and refused to investigate my case before I went to my trials that was held in Wetzel County Circuit Court like they told me they would. After refused to take the plea bargain Timothy E. Haught offered me before I took my case in front of a jury. Timothy E. Haught knew himself from day one that I am not guilty of the crime that I am doing 5000 years in prison for. See enclosure.

(ECF No. 59 at 4-5). The Second Amended Complaint makes the following request for relief:

6

> I am requesting to be released from prison in the very near future without any precussions when I get released back to my sister Lorena May Pyles in New Martinsville, WVA 26155 on 77 Orchard Drive. Her phone number is 1-304-455-4266 or shows a good cause why not. Warden David Ballard knows that I am not guilty of the crime that I am in prison for 5000 years. I recently received that reliable information from the Supreme Court of Appeals on and a letter I received from Brett M. Ferro on January 15th, 2016 where Mr. Ferro states the following. I do not suggest that you are a client of this corporation. In fact, that attorney client relationship ended when you filed an ethics complaint against John Anderson. That conflict extends to the entire office.

(*Id.* at 5).

Since the filing of the Second Amended Complaint, the plaintiff has again inundated this court with additional documentation (*see* ECF Nos. 61, 63, 65, 69, 71, 73, and 75). Without exception, the additional documents all concern the plaintiff's criminal and habeas corpus proceedings in Wetzel County. As the plaintiff was previously advised, the United States District Court for the Southern District of West Virginia lacks personal jurisdiction over the defendants involved in those proceedings and this court is not the proper venue to bring such claims.

The plaintiff's Second Amended Complaint alleges no factual allegations concerning his conditions of confinement at the Mount Olive Correctional Complex and further alleges no specific facts against Warden David Ballard, (the only defendant who is located within the Southern District of West Virginia), other than to summarily assert that Warden Ballard "knows that [the plaintiff] is not guilty of the crime that [he] is prison for." (ECF No. 59 at 5). That conclusory allegation is insufficient to state a plausible claim for relief against Warden Ballard under 42 U.S.C. § 1983.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint does not contain any allegations that could plausibly give rise to an entitlement to relief in this court.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Second Amended Complaint (ECF No. 59) and this civil action, pursuant to the provisions of 28 U.S.C. § 1915A and the dictates of *Twombly* and *Iqbal*. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (ECF Nos. 54 and 57) and waive the applicable filing fee.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

October 4, 2017

_____
Dwane L. Tinsley
United States Magistrate Judge