# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

EDWARD J. MERCER,

          Plaintiff,

v.                                CIVIL ACTION NO. 2:15-cv-01912

WARDEN DAVID BALLARD, et al.,

          Defendants.

## ORDER

Pending before the Court is Plaintiff's Second Amended Complaint, (ECF No. 59), and two Applications to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 54 & 57.) By Standing Order entered on May 7, 2014, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 2.) Magistrate Judge Tinsley filed his PF&R on October 4, 2017, recommending that this Court dismiss the Second Amended Complaint, (ECF No. 59), and this civil action, pursuant to the provisions of 28 U.S.C. § 1915A and the dictates of *Twombly* and *Iqbal*, and deny Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs, (ECF Nos. 54 and 57), and waive the applicable filing fee. (ECF No. 77.)

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this

Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on October 23, 2017. (ECF No. 77 at 8.) Plaintiff filed his objections on October 17, 2017. (ECF No. 78.) However, Plaintiff makes no specific objections. Plaintiff makes a general and conclusory objection to the entire PF&R by stating that he "objects to all the dississions [sic] of said Judge." *Id*. Plaintiff then describes his desire to file a complaint against two West Virginia state court judges for false imprisonment and makes further statements that are irrelevant to the PF&R. Plaintiff concludes by stating "I would [l]ike for you [t]o [r]elease me from [p]rison [a]s [s]oon [a]s you [c]an [w]ithout [a]ny Precussions [sic] Judge Johnston." *Id*. Plaintiff also requests that he be provided with "[t]he [c]orrect [a]ddress [t]o [t]he Propper [sic] venue [i]n order for me to bring such claims." *Id*.

There is nothing in Plaintiff's objections that point the Court to a specific error in the magistrate's PF&R. Plaintiff merely objects to all of the decision of Magistrate Judge Tinsley and his PF&R. Furthermore, Plaintiff was notified that the Southern District of West Virginia was the improper venue for his claim after the filing of his Amended Complaint, yet he proceeded to file his Second Amended Complaint with this Court. (ECF No. 77 at 5–6.) Therefore, this Court finds that based on the precedent set by the Fourth Circuit, there is no need to conduct a *de novo* review due to the lack of specific objections by Plaintiff.

Accordingly the Court **ADOPTS** the PF&R, **DISMISSES** the Second Amended Complaint, (ECF No. 59), and this civil action, pursuant to the provisions of 28 U.S.C. § 1915A

and the dictates of *Twombly* and *Iqbal*, and **DENIES** the plaintiff's Applications to Proceed Without Prepayment of Fees and Costs, (ECF Nos. 54 and 57), and waives the applicable filing fee.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                      ENTER:       November 17, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE